UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLAS AMODEO, on behalf of himself and all others similarly situated, ) ) ) *Plaintiff* ) v. ) ) GRUBHUB INC., ) ) *Defendant*. ) | Case No. 1:17-cv-1284 Honorable Charles R. Norgle, Sr. |

**DEFENDANT'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

In Plaintiff Nicholas Amodeo's recently filed Notice of Supplemental Authority, he asserts that the Ninth Circuit's non-binding and wrongly decided decision in the *Marks* case is sufficient to stave off dismissal of the Second Amended Complaint. Not so. As an initial matter, the Ninth Circuit *rejected* the central premise of the argument that Plaintiff made in his opposition to Grubhub's Motion to Dismiss – *i.e.*, the *Marks* court agrees with Grubhub's position that the D.C. Circuit in *ACA International* set aside all FCC guidance on what constitutes an ATDS under the TCPA, not just the FCC's 2015 Order, and so the statutory definition of ATDS controls. *See Marks v. Crunch San Diego, LLC*, No. 14-cv-56834, 2018 WL 4495553, at *6-7 (9th Cir. Sept. 20, 2018) ("Because the D.C. Circuit exercised its authority to set aside the FCC's interpretations of the definition of an ATDS in the 2015 order, and any prior FCC rules that were reinstated by the 2015 order, we conclude that the FCC's prior orders on that issue are no longer binding on us." (citations omitted)); *see also Keyes v. Ocwen Loan Servicing, LLC*, No. 17-cv-11492, 2018 WL 3914707 (E.D. Mich. Aug. 16, 2018) (same). Indeed, Plaintiff cites *Marks* to support an argument that Plaintiff never made in his opposition,

namely that Plaintiff's Second Amended Complaint pleads the use of an ATDS when it asserts that Grubhub sent Plaintiff a text message from a stored list of numbers. (*See* Compl. ¶ 32.)[1]

### A.   *Marks* Conflicts with the D.C. Circuit's Binding Precedent.

The *Marks* court's expansive definition of ATDS directly conflicts with the D.C. Circuit's binding precedent in *ACA International*, as well as the Third Circuit's decision in *Dominguez v. Yahoo* and Judge Feinerman's decision in *Pinkus*. *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018); *Pinkus v. Sirius XM Radio, Inc.*, 319 F. Supp. 3d 927, 938-39 (N.D. Ill. 2018). *Marks* found that the statutory definition of ATDS was ambiguous and, after looking to the context and structure of the statutory scheme, concluded that the statutory definition of ATDS, *i.e.*,

> "equipment which has the capacity—[A] to store or produce telephone numbers to be called, using a random or sequential number generator; and [B] to dial such numbers,"

should instead be interpreted as:

> "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers."

*Compare* 47 U.S.C. § 227(a)(1) *with Marks*, 2018 WL 4495553 at *9. But the D.C. Circuit in *ACA International*, after its own analysis of the structure and purpose of the TCPA, held that the FCC's interpretation of ATDS was impermissibly unreasonable because it swept in the everyday smartphone. *ACA Int'l v. FCC*, 885 F.3d 687, 695-97 (D.C. Cir. 2018). The Ninth Circuit's definition fails this same test, as all smartphones have the capacity to store numbers and send

---

[1] This new argument is untimely, and is thus waived. *Valentine v. City of Chicago*, 452 F.3d 670, 680 n.1 (7th Cir. 2006) (arguments made in supplemental filings are waived). Moreover, Plaintiff has done nothing to develop the argument, apart from a conclusory assertion, which is insufficient as a matter of law. *Dexia Credit Local v. Rogan*, 629 F.3d 612, 624 (7th Cir. 2010) (rejecting argument that was "not independently and sufficiently developed"); *Long v. Teachers' Ret. Sys. of Ill.*, 585 F.3d 344, 349 (7th Cir. 2009) (same).

text messages *en masse*.[2] *ACA Int'l*, 885 F.3d at 696. The FCC, recognizing the conflict, has gone so far as to seek public comment on the very issue. *Consumer & Governmental Affairs Bureau Seeks Further Comment on Interpretation of the TCPA in Light of the Ninth Circuit's Marks v. Crunch San Diego, LLC Decision*, 02-278, 2018 WL 4801356, at *1 (OHMSV Oct. 3, 2018). In this Court, however, the D.C. Circuit's decision controls, not the Ninth Circuit's erroneous definition. *See* Dkt. 32, Order, 4 n. 1 (*ACA Int'l* binds this Court).

**B.     *Marks* Misconstrues the Language of the Statute.**

The Ninth Circuit came to its atextual definition by way of numerous analytical errors. First, the court wrongly argued that its definition best accounts for other portions of the statute. In particular, the court reasoned that the TCPA's exceptions for calls made with prior express consent, emergency calls, and calls to collect government debts could only have practical effect if the caller was working from a list of stored numbers, not randomly generated ones. *Marks*, 2018 WL 4495553, at *8. This is clearly wrong, however, as Judge Feinerman noted in rejecting an identical argument in *Pinkus*:

> [I]t is possible to imagine a device that both has the capacity to generate numbers randomly or sequentially and can be programmed to avoid dialing certain numbers, including numbers that belong to customers who have not consented to receive calls from a particular marketer. Whether a marketer has violated the TCPA thus need not be a matter of coincidence; rather, violations would result from a marketer's failure (deliberate or otherwise) to program the device correctly.

*Pinkus*, 319 F. Supp. 3d at 939.

Second, the court evoked a 2015 amendment to the TCPA that left the definition of ATDS untouched, which the court argued to mean that Congress gave its tacit approval to the

---

[2] Indeed, many iPhones and Android phones can have the present capacity to perform this function. *See, e.g.,* https://drfone.wondershare.com/message/best-ways-to-send-group-messages.html; *see also ACA Int'l*, 885 F.3d at 696 (phones can text *en masse*).

FCC's interpretation of ATDS. *Marks*, 2018 WL 4495553 at *8.* Such an inference is not supported here, though, where the D.C. Circuit has held that the FCC's interpretation of "ATDS" was contrary to Congress's intention. *See ACA Int'l*, 885 F.3d at 695-97.

Finally, the Ninth Circuit's interpretation is plainly ungrammatical. The court rewrote the statute so that the phrase "using a random or sequential number generator" modifies "produce telephone numbers to be called," but not "store." The court has thus ignored the comma preceding the phrase "using a random or sequential number generator." That comma, however, is the signal that indicates that the phrase "using a random or sequential number generator" must apply to both "store" and "produce." *See Yang v. Majestic Blue Fisheries, LLC*, 876 F.3d 996, 1000 (9th Cir. 2017) ("[A] qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one where the phrase is separated from the antecedents by a comma"). *Pinkus*, 319 F. Supp. 3d at 939 ("But the phrase 'using a random or sequential number generator' indicates that a number generator must be used to do *something* relevant to the 'telephone numbers to be called'") (emphasis in original).

Accordingly, Plaintiff's supplemental authority cannot save his Complaint from dismissal, and Grubhub's motion should be granted.

Dated: October 12, 2018          Respectfully submitted,

By*: /s/ Timothy R. Carwinski*

Timothy R. Carwinski
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
T: (312) 207-6549
F: (312) 207-6400
tcarwinski@reedsmith.com

*Counsel for Defendant Grubhub Inc.*

- 5 -

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on October 12, 2018, he caused the foregoing to be filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF-registered parties. Parties may access this filing through the Court's CM/ECF system.

*/s/ Timothy R. Carwinski*